UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    :
CENTRAL CONCEPTS, INC., GLOBAL      :
SPECIALTY PRODUCTS, LLC., AND       :
MEDCARE LLC                         :    Civ. Action No.:
                                    :
                    Plaintiffs,     :
                                    :    COMPLAINT FOR UNFAIR
     -v-                            :    COMPETITION 15 U.S.C. § 1125(a),
                                    :    TORTIOUS INTERFERENCE WITH
WHOLLY WHOLESALE, LLC               :    CONTRACTUAL RELATIONS,
                                    :    DEFAMATION, DEFAMATION PER SE
                                    :
                    Defendants.     :
_____:

Plaintiffs Central Concepts, Inc., Global Specialty Products, LLC, and Medcare LLC (collectively "Central Concepts" or "Plaintiff"), upon information and belief, allege as follows:

NATURE OF THE ACTION

1.      Central Concepts seeks damages for acts of unfair competition, tortious interference with contractual relations, defamation, and defamation per se engaged in by Wholly Wholesale, LLC ("Defendant" or "Wholly Wholesale") in violation of the laws of the United States and Rhode Island, and to enjoin the Defendant from continuing its unlawful acts.

2.      Central Concepts has been selling authentic branded merchandise to the public on Amazon.com ("Amazon") for approximately eight years.

3.      Since October 11, 2021, Defendant filed ten complaints with Amazon that falsely alleged that Central Concepts' authentic branded merchandise was counterfeit.

4.      Defendant filed the complaints with knowledge that they were false.

5.      When Amazon received the complaints, it removed the listings for Central

Concepts' authentic goods, withheld payments, terminated one of Central Concepts' Amazon storefronts, and prevented Central Concepts from adding offers to its Amazon accounts.

6.      These false allegations damaged Central Concepts' sales, disparaged and defamed Central Concepts' commercial activities and reputation, and interfered with Central Concept's relations with its vendors, customers, and Amazon. Defendant's acts harmed and continue to harm Central Concepts.

7.      The parties exchanged letters on October 6, 2021, and November 3, 2021. Central Concepts gave written notice to Defendant on October 11, 2021, on the WhatsApp mobile application with an instruction to cease its unlawful acts.

8.      Defendant continues to file the complaints with Amazon.

JURISDICTION AND VENUE

9.      The United States District Court for the District of Rhode Island has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(b), and 1367.

10.      Plaintiff's claims for unfair competition are brought pursuant to 15 U.S.C. §1125(a) and are predicated upon the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 et seq.; and tortious interference with contract, defamation, and defamation per se under the common law of Rhode Island.

11.      Venue is founded properly in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and because Defendant is subject to personal jurisdiction in this district.

THE PARTIES

12.     Central Concepts, Inc. is a corporation registered in Rhode Island that maintains its principal place of business at 1372 Main Street, Coventry, Rhode Island. Central Concepts, Inc. is the successor-in-interest to the business operated under the trade name Central Concepts. Global Specialty Products, LLC is a company that maintains its principal place of business at 1372 Main Street, Coventry, Rhode Island ("Global"). Global is a wholly owned subsidiary of Central Concepts. Medcare LLC is a Wyoming company that maintains its principal place of business at 1712 Pioneer Avenue, Suite 500, Cheyenne, Wyoming ("Medcare").

13.     Defendant Wholly Wholesale, LLC is a Rhode Island company that maintains its principal place of business at 100 Commerce Park Road, Suite A, North Kingstown, Rhode Island. Defendant owns and operates the business enterprise that sent the false counterfeit notices to Amazon.

FACTS PERTINENT TO ALL COUNTS

Amazon's Business

14.     The first seller to offer a new product on Amazon creates the title under which the product is advertised and promoted. Only the brand owner of the product may include its trademark or brand name in the title of the product.

15.     Amazon assigns a unique ASIN number to identify each new product that is offered on its website. Amazon requires that sellers who offer the identical product offer their product under the same unique ASIN.

16.     Amazon hosts the Brand Registry to help brand owners monitor and protect their brands. A brand owner that owns an application or registration for a trademark at the United States Patent and Trademark Office ("USPTO") can register the serial or registration number with the Brand Registry. A brand owner must have a USPTO registration on file at the Brand Registry to

file a complaint against another seller for counterfeiting of the registered trademark. Amazon requires only that the counterfeit complaint contain identifying information and does not review the complaint for the substantive allegations. Amazon does not require that the brand owner buy a sample of the alleged counterfeit item to confirm its inauthenticity. Amazon then forwards the complaint to the alleged counterfeiter and immediately removes the offer that is the subject of the complaint. Amazon may withhold payments or suspend or terminate the account of a seller that is the subject of multiple complaints. Only the seller that filed a complaint may retract it.

17.     Amazon defines counterfeiting as selling a product that is not authentic, namely, a bootleg, fake, pirated, or illegally replicated, reproduced, or manufactured product.

18.     Amazon's Seller Code of Conduct requires that sellers act fairly and prohibits a seller from damaging or abusing another seller, their listings, or ratings.

19.     Violations of the Seller Code of Conduct can result in cancellation of listings, suspension or forfeiture of payments, and removal of selling privileges.

### Central Concepts' Business

20.     Central Concepts is an Amazon Professional vendor that sells its premium products to the public exclusively through its storefronts on Amazon. Central Concepts orders its merchandise directly from the original manufacturer or the manufacturer's authorized distributor and sells the product in the manufacturer's original packaging. Central Concepts enjoys an excellent reputation with its Amazon customers and receives excellent reviews from those customers on Amazon.

21.     Central Concepts sold the following nine products that are the subject of this action (each a "Product" or collectively, "Products"). The Products are identified by their Amazon title, ASIN number, and the original manufacturer or brand owner of the product:

(a) 5-Pack Soft-Touch Nasal Cannula – 7' Adult Oxygen Tubing Standard Connectors ("Medline 5-Pack Nasal Cannulas"), ASIN B07VRS2DJN, Medline Industries, Inc. ("Medline").

(b) Triple Extra Soft Plush Moleskin for Babies or Sensitive Skin (1 Roll) ("Cheyenne 1-Roll Moleskin"), ASIN B0933R94Z2, Cheyenne Brands LLC ("Cheyenne").

(c) 3-Pack Triple Extra Soft Plush Moleskin for Babies or Sensitive Skin ("Cheyenne 3-Roll Moleskin"), ASIN B0934DZD9N, Cheyenne.

(d) 6-Pack XX-Large Slip Stop Single Tread Slipper Socks ("Medline 6-Pack Socks"), ASIN B07B4JXK8D, Medline.

(e) Specimen Collector Pans – 30 oz ("Medline Specimen Pan"), ASIN B071Z9V1L5, Medline.

(f) 50-Pack Sterile ABD Pads 5x9" Nonwoven Combination Abdominal Pad ("Medline 50-Pack Abdominal Pads"), ASIN B081GCP15L, Medline.

(g) 25-Pack Sterile ABD Pads ("Medline 25-Pack Abdominal Pads"), ASIN B07P1ZCK6T, Medline.

(h) 10-Pack Soft-Touch Nasal Oxygen Cannulas – 7' Adult Tubing w/ Standard Connector ("Medline 10-Pack Nasal Cannulas"), ASIN B07VQWLZ91, Medline.

(i) Aspirin and Non-Aspirin and Ibuprofen Bulk First Aid Kit Medicine Refills ("Medique Medicine Refills"), ASIN B07FL6V2CZ, Medique Products, distributed by InSource Online.

22.     Central Concepts purchased the Medline 5-pack Nasal Cannulas and the Medline 10-Pack Nasal Cannulas directly from Defendant and subsequently from Medline.

23.     Central Concepts purchased the Medline 6-pack socks and the Medline Specimen Pan directly from Medline.

24.     Central Concepts licensed the Cheyenne 1-Roll Moleskin and the Cheyenne 3-Roll Moleskin directly from Cheyenne.

25.     Central Concepts purchased the Medline 25-Pack Abdominal Pads and Medline 50-Pack Abdominal Pads directly from Defendant.

26.     Central Concepts purchased the Medique Medicine Refills directly from its authorized distributor InSource Online.

27.     Central Concepts' Medline, Cheyenne, and Medique products were not counterfeit products because the Products were purchased directly from the original branded manufacturer, its authorized distributor, or from Defendant itself.

28.     Central Concepts sold the Products in their original branded packaging and never labeled them as Defendant's product.

29.     Central Concepts advertised and promoted the Products to the consumer in its authorized Amazon storefronts Vanguard, Medcare, and Health and Household under the appropriate ASIN for each Product.

30.     The Products accounted for a significant portion of Central Concepts' sales until Defendant committed its unlawful acts.

<u>Wholly Wholesale's Alleged Trademarks</u>

31.     Defendant allegedly owns a trademark registration for the word mark PRIME MED, Reg. No. 5833482 at the USPTO, in IC 010 for "Cups for dispensing medicine; medical specimen containers and cups; disposable dental towel bibs; disposable medical towels; replacement rubber feet for walkers; hospital gowns, namely, patient examination gowns; hand held plastic forceps for medical use" ("Reg. '482").  See Exhibit A.

32.     Reg. '482 does not cover nasal cannulas, moleskin, socks, abdominal pads, or medicine refills.

33.     Defendant offers products that are not included in Reg. '482 under an alleged common law design mark and common law word mark. Both marks appear on Defendant's Amazon home page, shown in a screenshot taken on October 28, 2021 at https://www.amazon.com/stores/page/B80F6448-766E-4D2B-BA7D-FB09F19B0201?ingress=0&visitId=717b5a31-f238-4e80-a05e-89bf310944c9:



(a)

(b) A close-up of the marks is below:

7



(respectively "Common Law Design Mark" and "Common Law Word Mark").

<u>Wholly Wholesale's Unlawful Acts</u>

34. Defendant advertises, promotes, and offers its products on Amazon.

35. Beginning on or about October 11, 2021, Defendant filed ten complaints with Amazon alleging that Central Concepts' nine Products are counterfeits of Defendant's products ("Complaints").

36. The information in the Complaints is summarized as follows:

| Manufacturer/Product Name | ASIN | Trademark Asserted | Amazon Complaint ID | Date Filed | Plaintiff's Complaint Exhibit |
|---|---|---|---|---|---|
| | | | | | |
| Medline 5-Pack Nasal Cannulas | B07VRS2DJN | Prime Med | 9032461751 | 10/11/21 | B |
| Cheyenne 1-Roll Moleskin | B0933R94Z2 | Prime Med | 9032461751 | 10/11/21 | B |
| Cheyenne 3-Roll Moleskin | B0934DZD9N | Reg. 5833482 | 9032604731 | 10/11/21 | C |
| Medline 6-Pack Socks | B07B4JXK8D | Reg. 5833482 | 9032461231 | 10/11/21 | D |
| Medline 25-Pack Abdominal Pads | B07P1ZCK6T | Prime Med | 9038293311 | 10/12/21 | E |
| Medline 5-Pack Nasal Cannulas | B07VRS2DJN | Reg. 5833482 | 9038742551 | 10/12/21 | E |
| Medline Specimen Pan | B071Z9V1L5 | Prime Med | 9032461751 | 10/11/21 | F |
| Medline 50-Pack Abdominal Pads | B081GCP15L | Prime Med | 9032461751 | 10/11/21 | F |
| Medline 10-Pack Nasal Cannulas | B07VQWLZ91 | Reg. 5833482 | 9172363511 | 11/8/21 | G |
| Medique Medicine Refills | B07FL6V2CZ | Reg. 5833482 | 9227298101 | 11/22/21 | H |

37.     Central Concepts ordered each Product and Defendant purchased its corresponding product ("Item(s)") from the following sources:

| Product/Item Name | ASIN | Trademark Asserted | Complaint ID | Date Filed | Central Concept's Source | Defendant's Source |
|---|---|---|---|---|---|---|
| | | | | | | |
| Medline 5-Pack Nasal Cannulas | B07VRS2DJN | Prime Med | 9032461751 | 10/11/21 | Defendant, Medline | Medline |
| Cheyenne 1-Roll Moleskin | B0933R94Z2 | Prime Med | 9032461751 | 10/11/21 | Cheyenne | Aetna Felt |
| Cheyenne 3-Pack Moleskin | B0934DZD9N | 5833482 | 9032604731 | 10/11/21 | Cheyenne | Aetna Felt |
| Medline 6-Pack Socks | B07B4JXK8D | 5833482 | 9032461231 | 10/11/21 | Medline | Medline |
| Medline 25-Pack Abdominal Pads | B07P1ZCK6T | Prime Med | 9038293311 | 10/12/21 | Defendant | Medline |
| Medline 5-Pack Nasal Cannulas | B07VRS2DJN | 5833482 | 9038742551 | 10/12/21 | Defendant, Medline | Medline |
| Medline Specimen Pan | B071Z9V1L5 | Prime Med | 9032461751 | 10/11/21 | Medline | Medline |
| Medline 50-Pack Abdominal Pads | B081GCP15L | Prime Med | 9032461751 | 10/11/21 | Defendant | Medline |
| Medline 10-Pack Nasal Cannulas | B07VQWLZ91 | 5833482 | 9172363511 | 11/8/21 | Defendant, Medline | Medline |
| Medique Medicine Refills | B07FL6V2CZ | 5833482 | 9227298101 | 11/22/21 | Medique | Medique |

38.     Defendant is not a related entity to Medline, Cheyenne, or Medique.

39.     Defendant is not the manufacturer, exclusive distributor, or brand owner of the Medline, Cheyenne, or Medique Items.

40.     Defendant is not authorized to represent, advertise, or promote on Amazon that it is the manufacturer, exclusive distributor, or brand owner of the Medline, Cheyenne, and Medique Items in their Amazon titles or elsewhere.

41.     Defendant improperly and in violation of Amazon's Seller Code of Conduct advertises and promotes itself as the brand owner in the title of Medline, Cheyenne, and Medique Items, including the Medline Nasal Cannulas 1-tube pack (See Exhibit I), Cheyenne 3-Roll Moleskin (See Exhibit J), Medline 6-Pack socks (See Exhibit K), Medline 25-Pack Abdominal

Pads (See Exhibit L with photoshopped packaging), and the Medline Specimen Pan (See Exhibit M).

42.     Defendant's counterfeit claims as to all Products are false representations of fact because Defendant is not the brand owner of those Products and is not authorized to advertise and promote the Items as the brand owner under either Reg. '482, the Common Law Design Mark, or the Common Law Word Mark.

43.     Defendant's counterfeit claims as to the Cheyenne 1-Roll Moleskin are false representations of fact because Central Concepts was authorized by the brand owner to offer the Product to its customers on Amazon.

44.     Defendant's counterfeit claims as to the Medique Medicine Refills are false representations of fact because Central Concepts purchased the Product from the brand owner Medique through its distributor InSource Online.

45.     Defendant's counterfeit claims as to the Medline 5-Pack Nasal Cannulas, Medline 25-Pack Abdominal Pads, Medline 50-Pack Abdominal Pads, and Medline 10-Pack Nasal Cannulas are false representations of fact because Central Concepts purchased these Products directly from Defendant, and Defendant authorized Central Concepts to offer these Products on Amazon.

46.     Defendant's counterfeit claims as to the Medline 5-Pack Nasal Cannulas, Medline 6-Pack Socks, Medline Specimen Pan, and Medline 10-Pack Nasal Cannulas are false representations of fact because Central Concepts purchased these Products directly from the brand owner Medline.

47.     Defendant is estopped from asserting that the Medline and Medique Products are counterfeit products because Defendant offers the identical Medline and Medique Items on Amazon.

48.     Defendant's five counterfeit Complaints as to the common law mark "Prime Med" are false representations of fact because they cite only a common law mark; Amazon requires that counterfeit complaints cite a USPTO trademark registration that covers the products in the complaint.

49.     Defendant's five counterfeit claims for Reg. '482 are false representations of fact because Reg. '482 does not cover those Products or Defendant's corresponding Items.

50.     The ten counterfeit Complaints are false representations and descriptions of fact, violate Amazon's Seller Code of Conduct, and were filed unlawfully.

51.     Defendant filed two Complaints regarding the Medline 5-Pack Nasal Cannulas. Complaint 9032461751 asserts "Prime Med" and complaint 9038742551 asserts Reg. '482. Complaint 9032461751 includes the following statement: "Rights owner communication: We are the sole manufacturer and seller of this brand of product, we manage all sales ourselves so there is absolutely no way for these items to be legitimate" ("Statement").

52.     The allegations in the Statement are false because:

a.   Defendant's Medline 5-Pack Nasal Cannulas is manufactured by Medline, not by Defendant, as shown in the photograph of the Product ordered from Defendant's Amazon account, below:

, and

    b.  Defendant sold the Product to Central Concepts.

53.  The Complaint for the 25-Pack Abdominal Pads also includes the Statement. The Statement is false because the brand owner of Defendant's 25-Pack Abdominal Pads is Medline, not Defendant, and because Defendant sold the Product to Central Concepts.

54.  Central Concepts properly offered each Product under its unique ASIN as required by Amazon. Multiple sellers who offer products under a unique ASIN are co-sellers, not counterfeiters.

55.  Defendant and the CEO of Central Concepts worked together and ordered the Products and similar products cooperatively since approximately 2017, including products from Medline, Cheyenne, and Medique.

56.  Consequently, Defendant knew that Central Concepts purchased the Products from the Products' original branded manufacturers, authorized distributors, and Defendant itself, and that the Products were not counterfeit products.

57.  Therefore, Defendant filed the Complaints with knowledge that the allegations therein were false.

58.     Defendant knew that it had no trademarks registered at the USPTO to support the Complaints as required by Amazon and willfully misled Amazon into believing that it did.

59.     The Complaints caused Amazon to remove Central Concepts' Product offers.

60.     The Complaints caused Amazon to terminate Central Concepts' Medcare storefront because Defendant filed multiple Complaints against the Medcare storefront Products: Medline Specimen Pan, Medline 25-Pack Abdominal Pads, Medline 50-Pack Abdominal Pads, and Medline 10-Pack Nasal Cannulas.

61.     The Complaints caused Amazon to withhold payments for the Medcare Products.

62.     The Complaints caused Amazon to prohibit Central Concepts from adding offers to its Brand Registry.

63.     The Complaints caused Amazon to warn Central Concepts that it will suspend or revoke Central Concepts' selling privileges if Central Concepts is the subject of additional complaints.

64.     The Complaints misled Amazon into preventing Central Concepts from advertising and promoting its authentic Products to the public, so that Defendant could divert Central Concepts' sales and customers to its own storefronts for its own profit and benefit.

65.     Defendant's false representations that it was and is the brand owner of the Products provided the basis for its false allegations of counterfeiting.

66.     Defendant knowingly, maliciously, willfully, and unlawfully filed the Complaints with their false allegations of counterfeiting to unfairly compete with Central Concepts, interfere with Central Concepts' contracts with Amazon, interfere with Central Concepts' access to its customers, disparage and defame Central Concepts to its customers and to Amazon, and divert Central Concepts' customers and sales to its own storefronts and accounts.

COUNT I

UNFAIR COMPETITION

15 U.S.C. § 1125(a)

67. Central Concepts incorporates by reference all the allegations in paragraphs 1 through 66 of this Complaint as if each allegation was contained in this paragraph.

68. Central Concepts sold its authentic Products on Amazon.

69. Defendant falsely represented that it was the brand owner of the Products in the Products' titles and offers, and in the Complaints, in violation of 15 U.S.C. § 1125(a)(1)(A).

70. Defendant's false representations of fact that it was the brand owner of the Products deceived Amazon into associating Defendant with the actual brand owners of the Products.

71. Defendant's false representations of fact that it was the brand owner of the Products deceived Amazon as to the origin, sponsorship, and approval of Central Concepts' Products and commercial activities and damaged Central Concepts by its acts.

72. Defendant filed the Complaints that misrepresented the nature, characteristics, and qualities of Central Concepts' Products and commercial activities in violation of 15 U.S.C. § 1125(a)(1)(B) by making false representations that the Products were counterfeit and not authentic.

73. The false representations caused Amazon to prohibit Central Concepts from advertising, promoting, offering, and selling the Products to its Amazon customers and potential customers.

74. Defendant's intent in filing the Complaints was to divert Central Concepts' customers and potential customers and their sales to Defendant.

75. By its willful, malicious, and intentional acts, Defendant caused Central Concepts to suffer substantial financial, reputational, and commercial damages.

76.     By its acts, Defendant made substantial profits and gains to which it is not in law or equity entitled.

77.     Defendant has unfairly competed, without right or justification, with Central Concepts.

78.     Defendant's willful acts of unfair competition have caused and, unless restrained, will continue to cause great and irreparable injury to Central Concepts in an amount that cannot be determined at this time, leaving Central Concepts with no adequate remedy at law.

79.     Accordingly, Central Concepts is entitled to injunctive relief against Defendant to prohibit Defendant from further acts of unfair competition, and to damages caused by the unfair competition.

<u>COUNT II</u>

<u>TORTIOUS INTERFERENCE WITH CONTRACT</u>

80.     Central Concepts incorporates by reference all the allegations in paragraphs 1 through 66 of this Complaint as if each allegation was contained in this paragraph.

81.     Central Concepts contracted with Amazon to offer its authentic branded Products to the public and was required by Amazon to offer the Products under the same ASIN product offer that Defendant used to offer its identical Items.

82.     Defendant knew that Central Concepts contracted with Amazon to sell its Products.

83.     Defendant was not a party to the contracts between Central Concepts and Amazon.

84.     Defendant knew that Central Concepts' Products were not counterfeit products.

85.     Defendant maliciously schemed to remove Central Concepts as a competing vendor on Amazon and to benefit by diverting Central Concepts' customers and sales to itself.

86.     Defendant improperly and intentionally filed the Complaints that falsely alleged that Central Concepts' Products were counterfeits of Defendant's Items with the intent to interfere with Central Concepts' contracts with Amazon.

87.     The Complaints caused Amazon to terminate Central Concepts' contractual right to offer the Products to the public.

88.     The Complaints caused Amazon to terminate Central Concepts' Medcare contract.

89.     The Complaints caused Amazon to terminate Central Concepts' contractual right to offer new products in the Brand Registry.

90.     The Complaints caused Amazon to threaten Central Concepts with termination of all its Amazon contracts.

91.     Central Concepts has suffered the loss of present and prospective Amazon customers and sales because of the false counterfeit Complaints that Defendant filed with Amazon.

92.     Defendant thereby maliciously and intentionally interfered, without right or justification, with the contractual relationship between Central Concepts and Amazon, and Central Concepts' reasonable future expectation of a continuing contractual relationship with Amazon.

93.     Defendant's acts have damaged and will continue to damage Central Concepts unless restrained by this Court.

94.     Central Concepts is entitled to damages because of Defendant's unlawful interference with its Amazon contracts.

<u>COUNT III</u>

<u>DEFAMATION</u>

95.     Central Concepts incorporates by reference all the allegations in paragraphs 1 through 66 of this Complaint as if each allegation was contained in this paragraph.

96.     Central Concepts purchased the authentic Products directly from the brand owner, authorized distributor, or Defendant.

97.     Defendant knew that Central Concepts purchased the authentic Products directly from the brand owner, authorized distributor, or Defendant and that the Products were not counterfeit.

98.     Defendant knew that it was not the brand owner of the Products and had no authority to represent to Amazon that it was.

99.     Defendant published the Complaints in violation of Amazon's Seller Code of Conduct.

100.    Defendant willfully published the Complaints containing false allegations of counterfeiting to Amazon.

101.    Defendant published the Complaints with malice because it knew that the allegations were false.

102.    Defendant's Complaints defamed Central Concepts and caused Amazon to suspend and revoke Central Concepts' selling privileges with Amazon, to hold payments from Central Concepts, and prevent Central Concepts from offering new products to the public.

103.    Defendant published the Complaints to Amazon solely to divert customers and sales from Central Concepts to its own Amazon storefronts and to enrich itself.

104.    Defendant caused Central Concepts to suffer material and reputational harm by publishing the false defamatory statements of its commercial activities to Amazon.

105.    Defendant's acts have damaged and will continue to damage Central Concepts unless restrained by this Court.

106.    Central Concepts is entitled to damages because of Defendant's unlawful conduct.

## COUNT IV

## DEFAMATION PER SE

107.    Central Concepts incorporates by reference all the allegations in paragraphs 1 through 66 of this Complaint as if each allegation was contained in this paragraph.

108.    Central Concepts purchased the authentic Products directly from the brand owner, authorized distributor, or Defendant.

109.    Defendant knew that Central Concepts purchased the authentic Products directly from the brand owner, authorized distributor, or Defendant and that the Products were not counterfeit.

110.    Defendant knew that it was not the brand owner of the Products and had no authority to represent to Amazon that it was.

111.    Defendant published the Complaints that contained the false criminal allegations of counterfeiting to Amazon.

112.    Defendant published the Complaints that contained the false criminal allegations of counterfeiting with a reckless disregard for the truth.

113.    Defendant published the Complaints that contained the false criminal allegations of counterfeiting with malice because it knew that the allegations were false.

114.    Defendant's Complaints defamed Central Concepts and caused Amazon to suspend and revoke Central Concepts' selling privileges with Amazon, to hold payments from Central Concepts, and to prevent Central Concepts from offering new products to the public.

115.    Defendant published the Complaints solely to divert business from Central Concepts and to enrich itself.

116.    Defendant's false counterfeiting Complaints defame Central Concepts.

117.    Defendant caused Central Concepts material and reputational harm by publishing the false and defamatory criminal statements of its commercial activities to Amazon.

118.    Defendant's acts have damaged and will continue to damage Central Concepts unless restrained by this Court.

119.    Central Concepts is entitled to damages because of Defendant's unlawful acts.

<u>DEMAND FOR RELIEF</u>

WHEREFORE, Central Concepts respectfully requests that the Court enter an Order and Judgment in its favor and against Defendant and grant the following relief:

a.  Central Concepts be awarded judgement against Defendant for the damages Central Concepts has sustained and the profits Defendant has derived from Defendant's acts, and that such damages be trebled, and be awarded Central Concepts' costs and attorneys' fees, in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

b.  Central Concepts be awarded compensatory damages for Counts II, III, and IV in accordance with the laws of Rhode Island.

c.  Central Concepts be awarded such exemplary or punitive damages for Counts II, III, and IV as are deemed appropriate due to the willful, intentional, and malicious nature of Defendant's conduct.

d.  Central Concepts be awarded its costs and attorneys' fees;

e.  Central Concepts be awarded pre-judgment and post-judgment interest;

f.  Enter an order that requires Defendant to retract the Complaints with Amazon within two (2) days of the order and to immediately perform any acts that may be required to completely restore Central Concepts' offer and selling privileges with Amazon;

g.  Enter an order enjoining Defendant, by preliminary and permanent injunction, from filing complaints against Central Concepts with Amazon, and from otherwise engaging in unfair competition with Central Concepts, and from defaming Central Concepts;

h.  Enter an order that directs Defendant to file with the Court and serve on Central Concepts within thirty (30) days after the service on Defendant of such injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction in accordance with Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a); and

i.  Such further relief to which it may be entitled.


DATED: January 19, 2022

Respectfully Submitted,


LIPPINCOTT IP LLC

By: s/Flann Lippincott
Flann Lippincott, Esq.
New Jersey Bar: 042822010
*Pending Admission Pro Hac Vice*

475 Wall Street
Princeton, New Jersey 08540
Tel: (908) 507-5507
Cell: (908) 237-0400
Fax: (908) 739-6500
Email: flann@lippincottip.com
*Attorney for Plaintiff*

By: /s/ *Christopher R. Alger*
Christopher R. Alger, Esquire, #9188
ALGER LAW LLC
1300 Division Road, Suite 206
West Warwick, RI  02893
(401) 277-1090
(401) 277-1094 – Fax
calger@algerlaw.com